United States District Court
Eastern District of New York
---------------------------------------------------------------x

| | |
|---|---|
| Alonzo Cheek, | **First Amended Complaint and Demand for a Jury Trial** |
| Plaintiff, | |
| -v- | **15-CV-7132 (RRM) (JO)** |
| The City of New York, New York City Police Department ("NYPD") Officer William Dugan (Shield No. 3858), NYPD Sergeant Emanuel Vizzotti (Shield No. 4437), NYPD Officer Michael Kobus (Shield No. 2499), in their individual capacities, | |
| Defendants. | |

---------------------------------------------------------------x

Plaintiff Alonzo Cheek, through his attorney Robert M. Quackenbush of Rankin & Taylor, PLLC, as and for his first amended complaint, does hereby state and allege:

## Preliminary Statement

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Alonzo Cheek's right to be free from unreasonable seizures was violated when officials of the New York City Police Department ("NYPD") used gratuitous, excessive force against him on August 5, 2014 causing Mr. Cheek to endure, *inter alia*, a fracture in his hand/wrist area which required surgery and rehabilitative therapy to repair. By reason of defendants' use of unreasonable force, Mr. Cheek was deprived of his rights secured by the Fourth and Fourteenth Amendments.

3. Mr. Cheek also seeks an award of compensatory and punitive damages and attorneys' fees.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Mr. Cheek's claim arose in the County of Kings in the State of New York, within the confines of this judicial district.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

### Parties

7. Plaintiff Alonzo Cheek was at all times relevant to this action a resident of the County of Kings in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Officer ("P.O.") William Dugan (Shield No. 3858), NYPD Sergeant ("Sgt.") Emanuel Vizzotti (Shield No. 4437), and NYPD Officer Michael Kobus (Shield No. 2499) (referred to collectively as the "officer-defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The officer-defendants are being sued herein in their individual capacities.

11. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of

NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. Cheek's rights.

13. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### Statement of Facts

14. On August 5, 2014 at approximately 11:20 p.m., Mr. Cheek was leaving a family member's home in the vicinity of 215 Hoyt Street in Brooklyn, New York.

15. While walking away from the building, an apparently-intoxicated man accosted Mr. Cheek, asked him for money, and – when Mr. Cheek declined – tried to pull Mr. Cheek's backpack away from him, resulting in both the intoxicated man and Mr. Cheek pulling on the backpack.

16. Mr. Cheek pulled the backpack away from the intoxicated man and left the area.

17. About a block away, in the vicinity of 178 Bond Street, the officer-defendants approached Mr. Cheek from behind and, without warning or announcement, grabbed Mr. Cheek by his arm, twisted his arm behind his body, and swept his legs out from under him, causing Mr. Cheek to collide chest-first into the sidewalk.

18. One or more of the officer-defendants repeatedly struck Mr. Cheek and applied pepperspray to his face.

19. One of the officer-defendants applied handcuffs to Mr. Cheek. Specifically, the officer-defendant forcefully slapped the handcuffs onto Mr. Cheek's left wrist area, tightened the handcuffs far tighter than necessary, and twisted the handcuffs.

20. Mr. Cheek immediately and repeatedly informed the officer-defendants that the handcuffs were applied too tightly and were causing injury. He also repeatedly requested that the officer-defendants loosen the handcuffs to alleviate the pain.

21. However, the officer-defendants refused to loosen the handcuffs prior to arrival at the precinct stationhouse.

22. Upon arrival to the precinct stationhouse, Mr. Cheek continued to complain to officers about the handcuffs being applied too tightly.

23. The handcuffs were removed when Mr. Cheek was placed inside a holding cell.

24. Once the handcuffs were removed, Mr. Cheek saw for the first time that his left hand, which is his dominant hand, was swollen and discolored.

25. Mr. Cheek again requested medical attention for his injuries.

26. Officers took Mr. Cheek to Coney Island Hospital.

27. Later, physicians at Montefiore-Mt. Vernon Hospital evaluated the injury and performed a "left thumb carpometacarpal arthroplasty with tight rope" surgery to repair the damage.

28. As a result of the injury and resulting surgery, Mr. Cheek has undergone, and continues to undergo, a course of intensive rehabilitative therapy.

**Claim for Relief**
**Unreasonable Seizure – Excessive Force**
**Fourth and Fourteenth Amendments Through 42 U.S.C. § 1983**
(*Against all defendants*)

29. Mr. Cheek repeats and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

30. The level of force employed by the officer-defendants was objectively unreasonable and they failed to intervene to prevent each other from using excessive force, all in violation of Mr. Cheek's constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

31. At all times material to this complaint, defendant City had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the officer-defendants, and failed to inform the officer-defendants' supervisors of their need to train, screen, supervise or discipline the officer-defendants.

33. The City's policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. The City's policies, practices, customs and usages with regards to applying handcuffs and other wrist restraints in a manner which constitutes excessive force, and the failure to properly train, screen, supervise, or discipline regarding same, are demonstrated in, *inter alia*,

the following civil rights lawsuits alleging similar conduct by NYPD employees: *Poe v. City of New York*, 13-CV-5258 (ERK) (RER) (E.D.N.Y.) (compliant arrestee handcuffed in a manner that caused bruising and nerve damage); *Shortt v. City of New York*, 13-CV-6145 (NG) (SMG) (E.D.N.Y.) (same); *Shamir v. City of New York*, 13-CV-5652 (CM) (S.D.N.Y.), on appeal, 14-3606 (2d Cir.) (same); *Levy v. City of New York*, 10-CV-5295 (WFK) (JMA) (E.D.N.Y.) (same); *Lambert v. City of New York*, 153046/2012 (Supreme Court, New York County) (same); *Sachs v. Cantwell*, 10-CV-1663 (JPO) (E.D.N.Y.) (same).

35. As a result of the aforementioned acts and omissions of the officer-defendants and their municipal employer, Mr. Cheek was subjected to unreasonably excessive force, causing injuries.

## **Jury Demand**

36. Mr. Cheek demands a trial by jury in this action on each and every one of his damage claims.

   *Wherefore*, Mr. Cheek demands judgment against the defendants individually and jointly and prays for relief as follows:

   a.   That he be compensated for violation of his constitutional rights, pain, and suffering; and

   b.   That he be awarded punitive damages against the officer-defendants; and

   c.   That he be compensated for attorneys' fees and the costs and disbursements of this action; and

   d.   For such other further and different relief as to the Court may seem just and proper.

///

///

///

///

Dated: New York, New York
April 8, 2016

                                            Respectfully submitted,

/s/
By: _____
Robert M. Quackenbush
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
f: 212-658-9480
e: robert@drmtlaw.com